## UNITED STATES BANKRUPTCY COURT

IN RE:   Biron W. Hailey and Janice Lee Hailey                CASE NO.: 09-<u>12870</u>
12870
    Debtor(s)

## ORDER CONFIRMING THE DEBTOR'S PLAN,
## AWARDING A FEE TO THE DEBTOR'S ATTORNEY
## AND RELATED ORDERS

    Following the meeting of creditors held pursuant to 11 U.S.C. 341 at which the debtor appeared in person to be examined by creditors and other interested parties, a hearing was held pursuant to 11 U.S.C. 1324 at which the trustee appeared in person and the debtor appeared by his/her attorney <u>Denvil F. Crowe</u>
Continuances, if any, were: _____
Other appearances were: _____

    The debtor is hereinafter referred to in the masculine singular, even though this be a joint case or the debtor be female. As referenced to "Rules" shall be interpreted as referring to the Bankruptcy Rules unless the context indicates otherwise.

    At such hearing the following objections of the debtors' plan were considered:

_____

_____

    At the hearing the Court considered the matters presented by the Trustee, counsel for the debtor and by other interested parties, if any, and upon the pleadings and statements of parties and of counsel, and on the evidence presented, the Court finds that:
    A.    Written notice of the meeting of creditors held pursuant to 11 U.S.C. 341 and of this hearing on the confirmation of the plan, was given as required by Rule 2002
    B.    The plan as presented for confirmation (hereinafter referred to as "the plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and the other applicable provisions of said Title;
    C.    Any fee, charges or other amount required under Chapter 123 of Title 28, or by the plan, to be paid before confirmation has been paid;
    D.    The plan has been proposed in good faith and not by any means forbidden by law;
    E.    The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of Title 11 of the United States Code on such date; and
    F.    With respect to each allowed secured claim provided for by the plan, the holder of such claim either accepted or was deemed to have accepted, the plan as required by 1325(a) et seq.

G. If the trustee or the holder of an allowed unsecured claim objected to the confirmation of the plan, then the court finds that the plan complies with 1325(b) et seq.

IT IS ORDERED THAT:

1. The debtor's plan is confirmed and (if appropriate) for cause shown, payments for a period not to exceed five years is approved.

2. The debtor, or his employer, shall make the payments to the trustee required by the plan as confirmed or as hereafter modified. If the debtor does not cause such payments to be timely made, the trustee shall order [per Section 542(b)] or request the Court to order pursuant to Section 1326(c) any entity from whom the debtor receives income to pay all or any part of such income to the trustee.

3. The debtor shall, when practicable, obtain the approval of the trustee prior to incurring additional consumer debt. The failure to obtain such approval, if practicable, may cause the claim for such debt to be unallowable to the creditor, [11 U.S.C. 1305(c)] and the debt to be nondischargeable for the debtor [11 U.S.C. 1328(d)].

4. All property shall remain property of the estate and shall vest in the debtor only upon dismissal, discharge or conversion. The debtor shall be responsible for the preservation and protection of the estate not transferred to the Trustee.

5. The trustee shall:
   A. Keep a detailed record of all receipts, including the source or other identification of each receipt, and of all disbursements [11 U.S.C. 1302(b)(1)]; and
   B. File with the court, or if applicable, with the entity providing addressing service for the Court and the Trustee, notices of creditor's address changes brought to the attention of the Trustee [Rule 2002(g)]; and
   C. Deposit all funds received by the trustee under the plan with an entity which provides insurance, guaranties or deposits in the manner prescribed by 11 U.S.C. 345.

6. Pursuant to 11 U.S.C. 1326, the order of payment, unless otherwise directed, shall be:
   (a) Any unpaid claim of the kind specified in Section 507(a)(1) of Title 11 U.S.C.;
   (b) The percentage fee fixed for the trustee pursuant to Section 1302(a) of said title (or Section 586(a)(1) of Title 28, if applicable);
   (c) Creditors whose claims are timely filed and allowed in such amounts and order of preference as may be provided by the plan or as may be required to provide adequate protection of the interest of any entity with an interest in property of the estate.

7. The trustee, the debtor and attorney for the debtor shall examine proofs of claim or summaries thereof and shall object to the allowance of improper claim as provided by 11 U.S.C. 704(4).

8. The trustee shall at least once each six months file with the Court a report showing the funds received and the disbursements made by him since the date of the last report and shall upon completion of the plan file with the Court a final report and account containing or incorporating by reference a detailed statement of receipts and disbursements [Rule 13-208(5)].

9. Ninety (90) days after the final distribution, the Trustee shall stop payment of all

checks then unpaid and file with the Clerk of the Court a list of the names and addresses, so far as known, of the persons entitled to such payments and the amounts thereof. The unclaimed funds shall be paid into the Court and disposed of under Chapter 129 of Title 28. [11 U.S.C. 347 and Rule 3001].

ALLOWANCE OF ATTORNEY'S FEES:

The application by the attorney for the debtor for the allowance of reasonable compensation as authorized by 11 U.S.C. 330 having been considered, the Court finds that a reasonable fee for the services performed and undertaken by such attorney is $2,500.00, of which $1,676.00 has been paid to such attorney prior to the filing of the petition initiating this proceeding.

The balance of such fee ($824.00) shall be paid by the trustee from the monies received under the debtor's plan, provided, however, that such payments shall be deferred in time to payments, if any, which may be required to provide adequate protection of the interest of the holders of any secured claims.

_____
BANKRUPTCY JUDGE

Approved:

NOV 1 7 2009

_____
Denvil F. Crowe, Esq.
Attorney for Debtors
Post Office Box 1158
Tupelo, Mississippi 38802
(662) 844-7949

Chapter 13 Plan Form, Revised 10/24/2005

# ADMENDED CHAPTER 13 PLAN
## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF MISSISSIPPI    CASE NO. 09-12870

| | | |
|---|---|---|
| Debtor  Biron W. Hailey | SSN#  xxx-xx-5980 | Current Monthly Income  $800.00 |
| Joint Debtor  Janice Lee Hailey | SSN#  xxx-xx-4962 | Current Monthly Income  $943.49 |
| Address  154 Cr 1529 | | No. of Dependents  0 |
| Baldwyn, MS 38824 | | |

Telephone No. _____    TAX REFUNDS AND EIC FOR DISTRIBUTION: $ _____

**THIS PLAN DOES NOT ALLOW CLAIMS. Creditors must file a proof of claim to be paid under any plan that may be confirmed, and the treatment of all secured/priority debts must be provided for in this plan.**

**PAYMENT AND LENGTH OF PLAN**
The plan period shall be for a period of __60__ months, not to exceed 60 months. Debtor or Joint Debtor will make payments directly to the Trustee ONLY if self-employed, unemployed, or the recipient of government benefits.

(A)    Debtor shall pay ___$0.00___ per _____ to the Chapter 13 Trustee.
       A payroll deduction order will be issued to Debtor's employer @: _____

(B)    Joint Debtor shall pay ~~$22.05~~ ~~230~~ $150 per __week__ to the Chapter 13 Trustee.
       A payroll deduction order will be issued to Debtor's employer @: Barber Printing
       811 A Varsity Dr
       Tupelo, MS 38801

**PRIORITY CREDITORS.** Filed claims that are not disallowed to be paid in full:
_____  _____  $ _____ /mo.
                                   @ _____

**DOMESTIC SUPPORT OBLIGATIONS (POST PETITION) DUE TO:**

Tennesse Child Support
P.O. Box 305200
Nashville, TN 37229

beginning ____July____ in the amount of ___255___ per month shall be paid:
☑ direct  ☐ through payroll deduction  ☐ through the plan.

**PREPETITION DOMESTIC SUPPORT ARREARAGE CLAIMS DUE TO:**

Tennesse Child Support
P.O. Box 305200
Nashville, TN 37229

Debtor's Initials _____    Joint Debtor's Initials _____    CHAPTER 13 PLAN, Page 1 of 3

in the amount of ___$765.00___ shall be paid ___15.65___ per month:
☐ through payroll deduction  ☐ through the plan.

## HOME MORTGAGE(S)
MTG PMTS TO: _____  BEGINNING _____ @ _____ $ _____ ☑ PLAN ☐ DIRECT

**SECURED CLAIMS.** Creditors that have filed claims that are not disallowed are to retain lien(s) under 11 U.S.C. 1325(a)(5)(B)(i) until plan is completed and be paid as secured claimant(s) the sum set out in the column "Total Amt. to be Paid" or pursuant to Order of the Court. That portion of the claim not paid as secured shall be paid as an unsecured claim.
* Pay Claim plus Contract Rate or 7.00%, whichever is less; ** Pay Value plus Contract Rate or 7.00%, whichever is less.

| Creditor's Name | Collateral | Approx. Amt. Owed | Value | Intrst. Rate | Total Amt. To Be Paid | Monthly Payment |
|---|---|---|---|---|---|---|
| | | | | | | |

**SPECIAL CLAIMANTS.** (Co-signed debts, collateral for abandonment, etc.) ON ABANDONED COLLATERAL, DEBTOR TO PAY ZERO ON SECURED PORTION OF DEBT. Where proposal is for payment, creditor must file a proof of claim to receive proposed payment.

| Creditor's Name | Collateral or Type of Debt | Approx. Amt. Owed | Proposal to Be Paid |
|---|---|---|---|
| Harley Davidson | 2007 Harley Davidson | ~~$17,000.00~~ 17450⁹⁸ | Surrender Pay $0.00 |
| VANDERBILT MORTGAGE | Moblie home on 2 acres of land located at | ~~$22,000.00~~ 34864⁹⁸ | Surrender Pay $0.00 |
| FPC Financial | Per A10 9-10-09 | 6179.03 | Pay 4000⁰⁰ ttp. rem. as other unsec |

**SPECIAL PROVISIONS** for all payments to be paid through the plan, including, but not limited to, adequate protection payments:

Adequate Protection

| Creditor's Name | Adequate Protection Percentage | Adequate Protection Payment |
|---|---|---|
| Harley Davidson | 0 | $0.00 |

**UNSECURED DEBTS** totaling approximately ___$130,979.98___ are to be paid in deferred payments to Creditors that have **TIMELY FILED CLAIMS ONLY** that are not disallowed: ☐ IN FULL or ☑ _1_ % PERCENT MINIMUM.

Total Attorney Fees Charged $2,500.00          Pay administrative costs and debtor's attorney fees
                                                pursuant to Court Order and/or local rules.
Attorney Fees Previously Paid $1,676.00
Attorney Fees to be paid through the plan $824.00

Debtor's Initials _____ Joint Debtor's Initials _____                CHAPTER 13 PLAN, Page 2 of 3

| Name/Address/Phone # of Vehicle Insurance Co./Agent | Attorney for Debtor (Name/Address/Phone #/Email) |
|---|---|
|  | Denvil F. Crowe |
|  | The Law Office of Denvil F. Crowe |
|  | 346 North Green Street |
|  | Post Office Box 1158 |
|  | Tupelo, MS  38802-1158 |
| Telephone/Fax | Telephone/Fax    (662) 844-7949/(662) 680-4816 |
|  | Email Address    croweandassociates@gmail.com |

DATE:  September 17, 2009          DEBTOR'S SIGNATURE        /s/ Biron Hailey

JOINT DEBTOR'S SIGNATURE  /s/ Janice Hailey

ATTORNEY'S SIGNATURE        /s/ Denvil Crowe